Kathy Gay SCHWARTZ, a minor, by her
general guardian and guardian ad
litem, Earl Schwartz, Plaintiff,

v.

The UNITED STATES of America,
Defendant.

Civ. No. 658.

United States District Court
D. North Dakota,
Northwestern Division.

Sept. 20, 1965.

Bjella, Jestrab, Neff & Pippin, Williston, N. D., for plaintiff.

John O. Garaas, U. S. Atty., Fargo, N. D., for defendant.

REGISTER, Chief Judge.

This action was commenced by the filing of a complaint on July 13, 1964, whereby the Plaintiff seeks to recover money damages for injury to certain personal property owned by her, such damage and injury allegedly resulting from the negligent operation of aircraft flown by officers of the United States Air Force. The gist of Plaintiff's claim is that said officers operated their aircraft in such a careless and negligent manner

as to cause a "sonic boom", thereby resulting in the injury and damage described in the complaint.

Jurisdiction is claimed by virtue of the provisions of the Federal Tort Claims Act, 28 U.S.C.A., Section 1346(b).

The matter is now before the Court for consideration of two motions, *viz.*, (1) Defendant's motion for summary judgment, filed February 12, 1965, and (2) Plaintiff's motion to amend complaint, filed May 28, 1965. An orderly disposition of these motions requires that they be considered in the order in which they were filed.

Defendant's motion for summary judgment is predicated solely on the ground that " * * * the Court lacks jurisdiction in that the acts complained of were performed in the exercise of a discretionary function, 28 U.S.C., Section 2680(a)". Said statute provides, inter alia, that "The provisions of this chapter and section 1346(b) of this title (the Federal Tort Claims Act) shall not apply to * * * [a]ny claim * * * based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused". It is Defendant's contention, therefore, that the acts complained of by Plaintiff come within the "discretionary function or duty" exception to the Federal Tort Claims Act.

Plaintiff's complaint is set forth in three "Counts". Count I is based upon the proposition that Defendant's aircraft were " * * * not kept under reasonable and proper control" and that the damages suffered by Plaintiff were the result " * * * wholly and solely to the carelessness and negligence of the defendant". The essence of Count I, therefore, is negligence of the Defendant (by and through its employees and agents) resulting in injury and damage to Plaintiff. Count II is propositioned upon the

allegation that the Defendant " * * * did unlawfully and without authority, break and enter and trespass upon the aforesaid premises, * * * ". As to Count II, therefore, the alleged tortious conduct of the Defendant, in creating a "sonic boom", is claimed by Plaintiff to have been, in effect, an unlawful trespass upon her property. Count III of Plaintiff's complaint contains allegations invoking the doctrine of *res ipsa loquitur*.

The general principles and rules governing summary judgment proceedings are stated by the Court of Appeals for the Eighth Circuit in Rubenstein v. Dr. Pepper Company, 228 F.2d 528, at pages 532–533, as follows:

> "Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., does not provide for a trial but is in the nature of a preliminary proceeding to determine whether or not there is involved a genuine issue as to any material fact. The proceeding is properly invoked even though the pleadings may on their face present a factual controversy. (cases cited) The applicable rule governing these proceedings is thus stated in Durasteel Co. v. Great Lakes Steel Corporation, supra ([8 Cir.] 205 F.2d 441):
>
> > 'A summary judgment should not be entered unless it clearly appears that there is no genuine issue as to a material fact. (citations) There may however, be a formal issue presented by the pleadings but shown by affidavit or otherwise not to be genuine. (citations) An issue of fact is not genuine unless it has legal probative force as to a controlling issue, (citation). The motion for summary judgment is not a trial of the issues but for the purpose of determining whether in fact there are any genuine issues as to material facts. If it is made clearly to appear on such a motion that even though there is an issue under the pleadings there is in fact

**166**

no dispute as to the controlling material facts, then the court should enter summary judgment.' "

Rule 56(e), Federal Rules of Civil Procedure, as amended, provides as follows:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. *When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.*" (Emphasis provided.)

In support of its motion Defendant submits, among others, the affidavits of the three Air Force pilots involved. The gist of each of these affidavits is that the affiant explicitly followed all Air Force Regulations pertaining to supersonic flight, and accelerated to supersonic speeds only after being directed to do so by his Intercept Director, the agency actually controlling the mission he was then on.

In response thereto, the Plaintiff submits his affidavit, the sum and substance of which is

"That in the opinion of your affiant there exists a genuine issue of material fact as to whether the said sonic booms were the direct and proximate cause of the damage to the two buildings in this affdavit above described."

In no way does Plaintiff controvert the statements made in the three affidavits referred to. If Plaintiff had countered by offering the affidavit of some individual who claimed to have seen Defendant's aircraft being operated in a reckless manner, or below the minimum altitude prescribed, then perhaps he could be said to have shown " * * * that there is a genuine issue for trial", as contemplated by Rule 56(e). Such, however, is not the case. The affidavits and other documents on file herein affirmatively show that the aircraft involved, on the day in question, were operated in conformity with all existing regulations.

■ The Court is of the opinion, after a careful and exhaustive consideration of all the records, affidavits and other documents on file herein, that there is, in this case, no genuine issue of material fact, and for this reason, Defendant's motion for summary judgment should be granted.

■ Notwithstanding the foregoing, the Court is convinced that the "discretionary function" exception, as found in 28 U.S.C.A., Section 2680(a), is applicable, and it is upon this ground that Defendant's motion is granted.

In addition to the affidavits of the Air Force pilots, as referred to above, Defendant submits the affidavits of the Chief of Staff, United States Air Force (General Curtis E. LeMay), the Commander of the Air Defense Command (Lieutenant General Herbert B. Thatcher), the Commander of the 29th Air Division (Major General Dolf E. Muehleisen), and the Commander of the 5th Fighter Intercept Squadron (Colonel Jacksel M. Broughton). The substance of these affidavits establishes beyond question that " * * * authorization

of supersonic flights over the continental United States was the exercise of a discretionary function * * *" within the purview of Section 2680(a), 28 U.S. C.A. Huslander v. United States, D.C., W.D.N.Y., 234 F.Supp. 1004, 1006. No useful purpose would be served by attempting to paraphrase or reiterate what Judge Henderson said in Huslander. Suffice to say that this Court fully concurs in that well-reasoned and amply supported opinion.

The Court is not unmindful of the *caveat* expressed in Traylor v. Black, Sivalls & Bryson, Inc., (8 Cir.) 189 F.2d 213, at page 216, wherein is found, the following:

> "A summary judgment upon motion therefor by a defendant in an action should never be entered except where the defendant is entitled to its allowance beyond all doubt. To warrant its entry the facts conceded by the plaintiff, or demonstrated beyond reasonable question to exist, should show the right of the defendant to a judgment with such clarity as to leave no room for controversy, and they should show affirmatively that the plaintiff would not be entitled to recover under any discernible circumstances. * * *
>
> "A summary judgment is an extreme remedy, and, under the rule, should be awarded only when the truth is quite clear. * * *
> "And all reasonable doubts touching the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment."

Also see: Minnesota Mining & Mfg. Co. v. Superior Insulating Tape Co., 8 Cir., 284 F.2d 478; and United States v. United Marketing Ass'n, 8 Cir., 291 F.2d 851.

However, in this case the Court is persuaded beyond doubt that plaintiff " * * * would not be entitled to recover under any discernible circumstanc-

es", and the Defendant's motion for summary judgment is, therefore, granted.

The Court having duly considered Plaintiff's Motion to Amend Complaint, asking recovery for damages based on 28 U.S.C.A., Sec. 1346(a) (2), together with the respective briefs in support of and in opposition thereto, it is

Ordered that said Motion be, and the same hereby is, denied.

It is so ordered.