Thomas P. McMURRAY, Sr., and Lillian
Pauline McMurray, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 15131–3.

United States District Court
W. D. Missouri, W. D.

June 3, 1968.

———◆———

Raymond, West & Strader, by Carrol C. Kennett, Kansas City, Mo., for plaintiffs.

Calvin K. Hamilton, U. S. Atty., by John L. Kapnistos, Kansas City, Mo., for defendant.

## MEMORANDUM AND FINAL JUDGMENT FOR DEFENDANT

BECKER, Chief Judge.

This is an action brought under Section 1346(b), Title 28 U.S.C., of the Federal Tort Claims Act against the United States of America for damages alleged to have been caused in the months of July, August, and September of 1962 by United States Air Force planes flying at supersonic speeds. The property alleged to have been damaged is the residence of the plaintiffs located at 7636 Brooklyn, Kansas City, Missouri.

At a pretrial conference on January 6, 1967, the parties with the consent of this Court agreed pursuant to Rule 42(b) of the Federal Rules of Civil Procedure that the issues of immunity and liability should be separated and that a separate trial should first be held upon the issue of whether or not in this case the evidence justified a finding and judgment in favor of the defendant because of the "discretionary function" exception to the Federal Tort Claims Act which bars "any claim * * * based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

Prior to the scheduled date of trial the parties to the cause herein, by and through their counsel, submitted the "discretionary function" issue to this Court by stipulation. The stipulation provided that this Court in determining this issue could take into consideration the following exhibits:

Exhibit 1, Affidavit of the Chief of Staff, United States Air Force, by Curtis E. LeMay, General, USAF, Chief of Staff, United States Air Force (Now Retired).

Exhibit 2, Affidavit of the Commander in Chief, Strategic Air Command, Thomas S. Power, General, USAF, Commander in Chief, Strategic Air Command.

Exhibit 3, Attested copy of Air Force Regulation AFR 55–34, attested for Harold Brown, Secretary of the Air Force, by Deputy Administrative Assistant Joseph Hacker, Jr.

Exhibit 4, A map showing the Kansas City Corridor entitled "Super-Sonic

Corridors 43 Bomb WG July–August–September 1962".

Exhibit 5, Sonic Boom log from the 305th Bomb Wing.

Exhibit 6, 43 Bomb Wing Sonic Boom Log.

Exhibit 7, Transcript of Colonel Frank Lyle Scurlock who had given testimony in another case similar to the instant case and whose testimony would presumably be in the same vein as testified in the said transcript.

Exhibit 8, Transcript of Colonel Robinson who had given testimony in another case similar to the instant case and whose testimony would presumably be in the same vein as testified in the said transcript.

Plaintiff was given an opportunity to offer further evidence, which was not forthcoming.

The stipulation further stated that the particular flights of concern here were made "pursuant to Regulation AFR 55–34 emanating from SAC headquarters, and all the concerned flights were in the Corridor as specified in Exhibit 4"; and that "SAC headquarters made the decision that the flights would be made at super-sonic speeds as shown in Exhibits 5 and 6".

After reviewing and considering the affidavits filed with the stipulation herein, and after reviewing the flight logs for the particular dates in question, it is the judgment of this Court that the supersonic flights of concern here were authorized by the "discretionary function or duty on the part of a federal agency or an employee of the Government". Section 2680(a), Title 28 U.S.C.

Because it is found that the authorization of the supersonic flights was a discretionary function, the exemption of Section 2680(a) is applicable here to bar recovery for sonic boom damage claims under the Federal Tort Claims Act. Huslander v. United States (W.D. N.Y.,1964) 234 F.Supp. 1004; Schwartz v. United States (D.N.D.,1965) 38 F.R.

D. 164; See, Neher v. United States (D.Minn.,1967) 265 F.Supp. 210; See, Annot. 99 A.L.R.2d 1016. Therefore, in view of the finding for defendant on the issue of immunity from suit on the facts presented here, it is determined that defendant is not liable to plaintiff on the complaint filed herein.

For the foregoing reasons, it is

Ordered and adjudged that judgment be, and it is hereby, entered for the defendant on the merits with prejudice to plaintiffs' claim. It is further

Ordered and adjudged that the defendant have and recover of and from the plaintiffs its costs herein expended.