**Marilyn MAYNARD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 23534.

United States Court of Appeals, Ninth Circuit.

Aug. 27, 1970.

James P. Connelly (argued), Cashatt, Williams, Connelly & Rekofke, Spokane, Wash., for appellant.

Carl Eardley (argued), Alan S. Rosenthal, Fred W. Drogula, Attys., Wm. D. Ruckelshaus, Asst. Atty. Gen., Civil Div., Dept. of Justice, Washington, D. C., Dean C. Smith, U. S. Atty., Spokane, Wash., for appellee.

Before KOELSCH and TRASK, Circuit Judges and BYRNE,* District Judge.

PER CURIAM:

Marilyn Maynard sustained severe personal injuries when a horse she was riding became frightened by the sonic boom created by a U. S. Air Force SR–71 aircraft and threw her to the ground. Invoking the Federal Tort Claims Act (28 U.S.C. §§ 2671–80), she commenced this suit against the United States to recover damages. The gravamen of her complaint was that the aircraft's route was negligently selected. The United States moved for summary judgment on the grounds that the negligent act was one within the discretionary function exception to the Tort Claims Act (28 U.S.C. § 2680(a)). The district court granted the motion and dismissed the action. Plaintiff has appealed. We affirm.

The government's uncontroverted affidavits showed that the decision to conduct operational training flights in the supersonic SR–71 and the order directing such flights was made by General Nazzaro, Commander of the Strategic Air Command; that the SR–71 aircraft was flying such a mission at the time of the accident; that the actual selection of this particular flight route was made by Lt. Col. Caselton, Chief of the Navigation Section of the 9th Strategic Reconnaissance Wing at Beale Air Force Base, to which the aircraft was assigned; and that Col. Caselton laid out this flight in accordance with the requirements of applicable Air Force Regulations 55–34 and 55–34A.

The Supreme Court, in Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953), declared that the government, under the discretionary function exception to the Tort Claims Act, is immune from liability for injury

---

* Honorable William M. Byrne, United States District Judge, Los Angeles, California, sitting by designation.

resulting from decisions made at the planning or policy level, but is liable for injury which results from a negligent act at the operational level. The Court expressly refrained from precisely drawing the line between the two "levels" but nevertheless declared that

"the 'discretionary function or duty' that cannot form a basis for suit under the Tort Claims Act includes more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision there is discretion. It necessarily follows that acts of subordinates in carrying out the operations of government in accordance with official directions cannot be actionable." (pp. 35–36, 73 S.Ct. p. 968) [1]

So here, we believe, in agreement with the district court, that Col. Caselton's selection of the route to be taken by the SR–71 was the act of a subordinate in furtherance of governmental policy and under official direction and hence not actionable.[2]

---

[1]. Plaintiff urges in effect that the Supreme Court in Indian Towing Co. v. United States, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955) and Rayonier, Inc. v. United States, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957), have overruled or wholly rejected Dalehite, sub silentio * * *. We think not. Indian Towing and Rayonier were not concerned with the discretionary function exception to the Act but rather with the question whether the government was immune because the acts there under consideration were performed in a uniquely governmental capacity.

[2]. All relevant cases coming to our attention, Huslander v. United States, 234 F.Supp. 1004 (W.D.N.Y.1964); Schwartz v. United States, 38 F.R.D. 164 (D. N.Dak.1965) and McMurray v. United States, 286 F.Supp. 701 (W.D.Mo.1968), have reached this result on essentially this same reasoning.

Neher v. United States, 265 F.Supp. 210 (D.Minn.1967), strenuously relied upon by plaintiff, is not to the contrary. In that case the court held that the government had waived the discretionary function defense and then proceeded to find the government guilty of actionable negligence. In the present stage of the instant case the government raised no issue concerning negligence.

Neither does United Air Lines, Inc. v. Wiener, 335 F.2d 379 (9th Cir. 1964) aid plaintiff. There it appeared that the planning was not in accordance with directives issued by higher commands and we held that this failure removed the negligent acts from the discretionary exception. But, as noted in the text, the government's showing that Col. Caselton followed directives from superiors was not disputed.