Charles W. DRISCOLL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 74–3072.

United States Court of Appeals,
Ninth Circuit.

Oct. 15, 1975.

Taylor & Petica, Scottsdale, Ariz., for appellant.

William C. Smitherman, U. S. Atty., Phoenix, Ariz., for appellee.

OPINION

Before DUNIWAY and SNEED, Circuit Judges, and WEIGEL,[*] District Judge.

SNEED, Circuit Judge:

The plaintiff and appellant, Charles W. Driscoll, brought this suit against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671–2680, and Lance A. Harmon to recover medical expenses incurred, income lost, and compensation for pain and suffering resulting from an accident occurring on Luke Air Force Base, Arizona. Driscoll, at the time a civilian employee working on the Base, was struck by a car driven by Harmon, an employee of the United States, while walking to the building in which he worked from a parking lot located across the street.

The claim against Harmon was dismissed without prejudice for want of jurisdiction pursuant to 28 U.S.C. § 2679(b) which makes suit against the United States the exclusive remedy for claims

[*] Honorable Stanley A. Weigel, United States District Court, Northern District of California, sitting by designation.

such as Driscoll's "resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment . . . ". This dismissal rested on the alternative ground that Harmon was not acting in the course of his employment at the time of the accident, a position stipulated by counsel for Driscoll and the United States.

Thereafter, the United States moved to dismiss Driscoll's complaint under Rule 12(b), Fed.R.Civ.P., and in the alternative for summary judgment under Rule 56, Fed.R.Civ.P. Interrogatories were promulgated by Driscoll and answered by the United States. A statement of facts was filed by the United States and both parties filed memoranda of authorities. The ground on which the United States relied in support of its motion was that the conduct of the United States came within the discretionary function exclusion of the Federal Tort Claims Act, 28 U.S.C. § 2680(a). The trial court granted the motion and dismissed Driscoll's action with prejudice. Driscoll appealed. We reverse and remand for such further proceedings as are consistent with this Opinion.

■ The motion to dismiss Driscoll's complaint against the United States is a "speaking motion" and must be considered as one for summary judgment. Rule 12(b), Fed.R.Civ.P.; 2A Moore's Federal Practice, ¶ 12.09; 6 Moore's Federal Practice, ¶ 56.08 (1974). Under such circumstances the moving party, the United States, is not entitled to the benefit of any favorable inferences to be drawn from its moving papers. All such papers must be construed favorably to Driscoll. Wright, Law of Federal Courts, 445 (1970).

Following the stipulation that Harmon was not acting in the course of his employment at the time of the accident, Driscoll's cause of action against the United States rested on his allegations in paragraph VI of his complaint which reads as follows:

At all times herein mentioned, said Defendant, United States of America, had the duty to maintain and properly place adequate warning devices; and provide adequate crosswalks for pedestrians and provide warning devices and speed control devices and cautionary devices and signs for the protection of pedestrians crossing from said parking area to said building across said street.

Said negligence of the Defendants included the foregoing, and consisted in addition thereto negligence and failure to properly locate, construct and maintain said street, parking area, and building and crossing in such a manner that such street was dangerous to persons lawfully traveling thereover, and failing to construct and maintain said street in conformity with the generally accepted and recognized modes of construction and maintenance and in failing to provide adequate or any warning signs at or about such street, parking lot and building and failing to construct and maintain sufficient or any protecting walls, barriers or devices between the parking area and the building across, around or through said street.

The United States contends that this paragraph sets forth a claim excluded by the discretionary function exception. The exclusion is applicable because the Base Civil Engineer, whom the interrogatories reveal to be the responsible official, exercised his discretion and chose not to install warning devices, barriers, speed control devices or crosswalks. The discretionary function exception would be inapplicable, it contends, only if such devices had been installed and improperly maintained.

The interrogatories also reveal that there exist no rules or regulations pertaining to the establishment of signs, warning devices, markings and crosswalks and that no records of any traffic studies applicable to Luke Air Force Base exist. In addition, the interrogatories reveal that the parking lot and the building in which Driscoll worked were completed at the same time, that it was known that persons would park in the

lot and walk to the building, that the Wing Safety Officer and the Chief of Security had a duty to bring to the attention of the Base Civil Engineer any unsafe condition of which they become aware, that no recommendations regarding the area in question had been made by anyone, that no one had been injured as was Driscoll prior to his accident, and that no one in authority assumed that a pedestrian would cross the road in violation of Arizona traffic regulations.

A review of the pertinent authorities must begin with *Dalehite v. United States,* 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). Although it has been qualified by subsequent decisions of the Supreme Court, it continues to stand for the proposition that the discretionary function exception is limited to decisions made at the *planning* rather than the *operational* level. *Id.* at 42, 73 S.Ct. 956. Decisions at the latter level may be actionable even though they involved an element of discretion. Distinguishing between the two levels is not easy. Professor Jaffe has suggested in drawing the distinction that consideration be given to such factors as the character and severity of the plaintiff's injury, the existence of alternative remedies, the capacity of a court to evaluate the propriety of the official's action, and the effect of liability on the effective administration of the function in question. *See* Jaffe, *Suits Against Governments and Officers: Damage Actions,* 77 Harv.L. Rev. 209, 219 (1963).

In any event, the immunities derived from the law of municipal corporations are of limited utility in interpreting the discretionary exemption. It is clear, for example, that injuries resulting from operational level decisions do not cease to be actionable simply because under the law of municipal corporations the wrongdoing government is engaged in a governmental, as opposed to a proprietary, function. *See Indian Towing Co. v. United States,* 350 U.S. 61, 65, 76 S.Ct. 122, 100 L.Ed. 48 (1955). Moreover, the United States may be liable under the Federal Tort Claims Act even though

such liability is rarely, if ever, imposed on municipal or local governments. *Rayonier, Inc. v. United States,* 352 U.S. 315, 318–19, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957). The Act, it must not be forgotten, establishes that the United States is liable "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

Applying these authorities to the record of this case, and construing the papers of which it consists favorably to Driscoll, we conclude that the motion to dismiss should have been denied. The pleadings, stipulations, and interrogatories do not establish as a matter of law that the decision not to install appropriate warning devices, barriers, speed control devices or crosswalks was made at the *planning* rather than the *operational* level. We hold that the record before us would support a conclusion that the decision was made at the *operational* level. We pass no judgment on whether a more complete development of the facts would alter this view.

Our holding is strongly influenced by our belief that the judicial process is demonstrably capable of evaluating the reasonableness of the failure of the Base Civil Engineer to take the steps that Driscoll alleges were necessary. In addition, we do not believe that this evaluation will impair the effective administration of the Luke Air Force Base nor will it make the United States liable for large and numerous claims.

The United States relies heavily upon *Urow v. District of Columbia,* 114 U.S. App.D.C. 350, 316 F.2d 351 (1963) in which it was held that the District's failure to establish a particular traffic control device in the course of developing a system of such devices was the result of an exercise by the appropriate officials of their discretion in a legislative manner for which the District under the doctrines of municipal sovereign immunity was not liable. We reject the authority of this case on the basis of *Rayonier, supra,* in which the Supreme Court, speaking through Mr. Justice Black, said:

"And for obvious reasons the United States cannot be equated with a municipality, which conceivably might be rendered bankrupt if it were subject to liability for the negligence of its firemen. There is no justification for this Court to read exemptions into the Act beyond those provided by Congress. If the Act is to be altered that is a function for the same body that adopted it." *Id.* 352 U.S. at 320, 77 S.Ct. at 377.

We read this to mean that a distinction between "legislative" or "discretionary" duties on the one hand and "ministerial" duties on the other, developed in the law of municipal corporations and applied in *Urow,* cannot control the configuration of the "planning-operational" distinction imbedded in the discretionary function exception of the Federal Tort Claims Act. Cases such as *Urow* provide analogies useful, but not controlling, in interpreting the Act. *Resnik v. Michaels,* 52 Ill.App.2d 107, 201 N.E.2d 769 (1964); *Locigno v. Chicago,* 32 Ill.App.2d 412, 178 N.E.2d 124 (1961); *Martin v. Winchester,* 278 Ky. 200, 128 S.W.2d 543 (1939), relied on by the United States, like *Urow,* consist of applications of the sovereign immunity doctrines applicable to municipal corporations. *Perry v. City of Santa Monica,* 130 Cal.App.2d 370, 279 P.2d 92 (1955), also relied on by the United States to demonstrate that it had no duty to erect signs or other safety devices, rests on an interpretation of California's Public Liability Act of 1923. This interpretation cannot overcome the breadth of *Rayonier.*

Finally, the United States attempts t·· combine the teaching of the foregoing cases, which indicates that liability attaches only for negligent operation or maintenance of traffic control devices and not for a failure to establish such devices, with the suggestion in *Indian Towing Co. v. United States, supra,* that a failure to undertake a government service, such as providing a lighthouse, was not actionable under the Federal Tort Claims Act, to fashion the argument that any failure of the United States in this case is not actionable. There are also overtones of the "Good Samaritan" doctrine in this argument. *Cf. Roberson v. United States,* 382 F.2d 714 (9th Cir. 1967). We reject it because we believe that the present record indicates that the Base Civil Engineer had undertaken to provide traffic control services on Luke Air Force Base, that his decision not to install certain devices in the area of the accident was made at the operational level, and that the proper standard "is whether a private person would be responsible for similar negligence under the laws of the State where the acts occurred," *Rayonier, Inc., supra,* 352 U.S. at 319, 77 S.Ct. at 376. Under that standard we cannot say that the United States is immune from liability. We also find nothing in the prior decisions of this court inconsistent with our analysis and holding. *Cf. United States v. Babbs,* 483 F.2d 308 (9th Cir. 1973); *United States v. Hunsucker,* 314 F.2d 98 (9th Cir. 1962); *Friday v. United States,* 239 F.2d 701 (9th Cir. 1957). To suggest that the selection of a flight plan for supersonic military aircraft, held in *Maynard v. United States,* 430 F.2d 1264 (9th Cir. 1970) to be within the discretionary exemption, is no different than the acts of the United States set forth in Driscoll's complaint, is to confuse the deployment of military forces with housekeeping. The latter activities are generally operational. *See Dalehite v. United States, supra,* 346 U.S. at 60, 73 S.Ct. 956 (Jackson, J., dissenting).

We express no opinion regarding Driscoll's rights, if any, under Arizona law. It also should be noted that neither the record nor the briefs suggest that Driscoll is a civilian employee *of the United States* entitled to the exclusive benefits of the Federal Employees Compensation Act, 5 U.S.C. § 8101 *et seq. Cf. Bailey v. United States, Through Department of Army,* 451 F.2d 963 (5th Cir. 1971). We express no opinion with respect to this matter.

Reversed and remanded.