**Floyd A. WRIGHT, Plaintiff-Appellant,**

v.

**UNITED STATES of America, and Nathan Fletcher, Malcolm S. Segal and Does I through XXIII, Defendants-Appellees.**

**No. 82–4350.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 1983.

Decided Nov. 3, 1983.

Louis Demas, Asst. U.S. Atty., Donald B. Ayer, U.S. Atty., Sacramento, Cal., for defendants-appellees.

Floyd A. Wright, Grass Valley, Cal., for plaintiff-appellant.

Before ALARCON, CANBY and REINHARDT, Circuit Judges:

CANBY, Circuit Judge:

Floyd Wright filed this action for malicious prosecution under the Federal Tort Claims Act ("FTCA"), seeking damages from the United States and several individual defendants. The district court dismissed the complaint for lack of subject matter jurisdiction. We affirm as to all defendants except the United States.

On April 2, 1980, Wright was indicted for failing to file tax returns and for making false statements on his tax returns. 26 U.S.C. §§ 7203, 7206(1). A superseding indictment filed on September 24, 1980, charged Wright with making false statements on his 1973 and 1974 income tax returns. The indictments were subsequently dismissed and the government abandoned its prosecution of Wright.

After filing an administrative claim, Wright, proceeding pro per, filed this action in district court under the FTCA alleging in essence that the indictments amounted to malicious prosecution. Wright named the United States, IRS Agent Nathan Fletcher, Assistant United States Attorney Malcolm Segal, and the twenty-three grand jurors that issued the indictment as defendants.

The district court dismissed the complaint without leave to amend.

## Individual Defendants

▆▆▆ The FTCA does not create a cause of action against individual federal employees; it simply permits certain types of action against the United States. *Morris v. United States,* 521 F.2d 872, 874 (9th Cir. 1975). Wright brought this action only under the FTCA and alleged no independent basis for jurisdiction over the individual defendants. Thus, the district court lacked jurisdiction over the claims against the individual defendants and dismissal as to them was proper. *Davis v. United States,* 667 F.2d 822, 824–25 (9th Cir.1982).

## United States

▆▆▆ Under the FTCA, the United States may be liable in tort if a private individual would have been liable under the law of the place where the act or omission occurred. However, that waiver of sovereign immunity is subject to several exceptions spelled out in 28 U.S.C. § 2680. If a plaintiff's claim falls within one of those exceptions, the court lacks subject matter jurisdiction. *Monaco v. United States,* 661 F.2d 129, 131 (9th Cir.1981), *cert. denied,* 456 U.S. 989, 102 S.Ct. 2269, 73 L.Ed.2d 1284 (1982).

One of the exceptions contained in section 2680 pertains to any "claim arising out of . . . malicious prosecution" unless the claim is based on the "acts or omissions of investigative or law enforcement officers of the United States Government. . . ." 28 U.S.C. § 2680(h) (Supp.1983). Inasmuch as Wright's claim is essentially one for malicious prosecution, the United States is immune from liability for the acts of all the named defendants except IRS agent Fletcher. The government concedes that Fletcher is an "investigative or law enforcement officer," which the statute defines as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). *Cf. Edwards v. Reynaud,* 463 F.Supp. 1235,

1240 (E.D.La.1979) (agent of Department of Treasury, Division of Alcohol, Firearms and Tobacco is an investigative officer within the meaning of § 2680(h)).

The government argues, however, that the United States is immune from liability for agent Fletcher's conduct both because under California law public employees are immune from liability for malicious prosecution and because agent Fletcher's conduct falls within either the "discretionary function" exception of section 2680(a) or the "assessment or collection of taxes" exception of section 2680(c). We will address each of these arguments in turn.

## State law

The elements of a cause of action under the FTCA are determined by state law. 28 U.S.C. § 2674. The Government argues that because under California law public employees are immune from liability for malicious prosecution the United States is also immune. *See* Cal. Gov't Code § 821.6 (West 1980). That argument must be rejected. In *United States v. Muniz,* 374 U.S. 150, 164–66, 83 S.Ct. 1850, 1858–1859, 10 L.Ed.2d 805 (1963), the Supreme Court held that federal prisoners could sue under the FTCA despite the fact that in some states jailers are immune from liability.

▆▆▆ *Muniz* relied, in part, on *Indian Towing Co. v. United States,* 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955), in which the Supreme Court held that the United States could be held liable for the coast guard's negligent operation of a lighthouse. *Indian Towing* clearly established that under the FTCA the United States could be liable for the performance of activities private persons do not perform. The court reasoned that any other result would essentially equate the United States' liability under the FTCA to that of a municipal corporation under state law. *Id.* at 64–65, 76 S.Ct. at 124–125. Such an equation would be erroneous because in making the United States liable under the FTCA "to the same extent as a private individual," Congress had already determined the extent to which sov-

ereign immunity would be waived.[1] Thus the fact that state employees are immune from liability for malicious prosecution under state law does not determine the scope of the United States's liability under the FTCA.

### Discretionary Function

■ The United States cannot be held liable for any claim which is "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The discretionary function exemption was intended to preclude tort claims arising from decisions by executives or administrators when such decisions require policy choices. *Dalehite v. United States,* 346 U.S. 15, 35–36, 73 S.Ct. 956, 967–968, 97 L.Ed. 1427 (1953); *S.A. Empresis De Viacao Aerea Rio Grandense v. United States,* 692 F.2d 1205, 1208–09 (9th Cir.1982), *cert. granted,* —— U.S. ——, 103 S.Ct. 2084, 77 L.Ed.2d 296 (1983). We have therefore limited the exception to decisions made at a planning rather than an operational level even though decisions at the latter level may involve an element of discretion. *Driscoll v. United States,* 525 F.2d 136, 138 (9th Cir.1975).

■ The decision whether or not to prosecute a given individual is a discretionary function for which the United States is immune from liability. *See Smith v. United States,* 375 F.2d 243 (5th Cir.1967), *cert. denied,* 389 U.S. 841, 88 S.Ct. 76, 19 L.Ed.2d 106 (1967). The conduct of agent Fletcher in implementing that decision, however, including the nature of his testimony before the grand jury, is not immune as a discretionary function. *See Liuzzo v. United States,* 508 F.Supp. 923, 930–33 (E.D.Mich. 1981) (claims concerning FBI agents implementation of governments' informant policy not barred by discretionary function exception). Unlike the decision to prosecute,

an agent's conduct, both before and after that decision is made, is susceptible to judicial evaluation. *See Driscoll v. United States,* 525 F.2d at 138.

### Assessment or Collection of Any Tax

■ The United States is immune from liability for "[a]ny claim arising in respect of the assessment or collection of any tax. . . ." 28 U.S.C. § 2680(c). The Government argues that agent Fletcher's participation in the criminal prosecution of Wright falls within the scope of this exception.

In the literal sense, of course, Agent Fletcher's role in the prosecution of plaintiff did not arise "in respect of the assessment or collection of any tax" owed by plaintiff. The prosecution was an attempt to impose criminal penalties on Wright, not to collect taxes from him. On the other hand, the exception has been broadly construed. In *Morris v. United States,* 521 F.2d 872 (9th Cir.1975), we applied subsection 2680(c) to bar a claim by a taxpayer that IRS agents told his creditors of his purported tax liability and harassed and intimidated him during the course of their investigation. *See also Capozzoli v. Tracey,* 663 F.2d 654, 658 (5th Cir.1981) (language of § 2680(c) "is broad enough to encompass any activities of an IRS agent even remotely related to his or her official duties"). It would therefore not strain precedent to hold that Agent Fletcher's role in prosecuting Wright fell within the exception because the prosecution might serve as a deterrent that will facilitate the "assessment or collection" of taxes generally. We are disinclined to interpret the exception so generously, however, in the face of Congress's action in passing the 1974 "malicious prosecution" amendment to the FTCA.

In providing that malicious prosecution claims may be brought under the FTCA when they are based on acts of "investigative or law enforcement officers," 28 U.S.C. § 2680(h), Congress appears to have authorized the kind of claim Wright has asserted

---

1. Because we decide that federal rather than California law governs the scope of the United States' immunity, we do not decide whether under California law the § 821.6 immunity

would be available on the facts of this case. *See Eddy v. Los Angeles,* 28 Cal.App.2d 89, 82 P.2d 25, 27–8 (1938).

here. While the legislative history is not very illuminating,[2] neither it nor the language of the proviso suggests that malicious tax prosecutions are to be treated differently from other malicious prosecutions. We need not hold, however, that the 1974 amendments partially repealed § 2680(c). Our duty in construing the tax collection and assessment exception of § 2680(h) and the later law enforcement proviso of § 2680(c) is to reconcile them and give meaning to both if we are able. This goal can be accomplished by construing the tax assessment and collection exception not to apply to Agent Fletcher's actions in carrying out the criminal prosecution against plaintiff, insofar as those acts are alleged to constitute malicious prosecution. We so construe § 2680(c). Our construction does violence to neither section and leaves each with a great deal of room to operate. It reads no exemptions into the FTCA beyond those provided. *See United States v. Muniz,* 374 U.S. at 166, 83 S.Ct. at 1859 (*quoting Rayonier, Inc. v. United States,* 352 U.S. 315, 320, 77 S.Ct. 374, 377, 1 L.Ed.2d 354 (1957).

### Conclusion

The district court correctly concluded that it lacked jurisdiction over the individual defendants. The United States is immune from liability for malicious prosecution stemming from the acts of all its agents except agent Fletcher who is a law enforcement officer. Neither the "discretionary function" exception nor the "assessment and collection of any tax" exception shields the United States from liability as a result of the actions of agent Fletcher. We therefore affirm in part, reverse in part and remand to the district court.

**2.** Rep. Holifield introduced H.R. 8245, *see* 119 Cong.Rec. 17,392 (1973), which was designed to modify the operations of the Drug Enforcement Administration and the Immigration and Naturalization Service. The bill was favorably reported on in committee, see H.R.Rep. No. 303, 93d Cong., 1st Sess. (1973), and on July 17, 1973, was unanimously passed by the House, 119 Cong.Rec. 24,184 (1973).

The Senate Committee that considered H.R. 8245 added the section amending the FTCA. S.Rep. No. 588, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad.News 2789, 2790–91. The amendment was motivated by several incidents in which federal narcotics agents engaged in illegal "no-knock" raids. *Id.* The brief Senate Report is mainly devoted to the problem of illegal searches and seizures, but adds "the Committee's amendment should not be viewed as limited to constitutional tort situations but would apply to any case in which a federal law enforcement agent committed the tort while acting within the scope of his employment or under color of federal law." *Id.*

Without any floor debate, the Senate unanimously passed H.R. 8245 as amended. 119 Cong.Rec. 38,968–69, 39–185 (1973). The House reconsidered the bill with the Senate amendment and passed the bill. 120 Cong.Rec. 5,290 (1974). Some members thought the amendment's potential effect on the exclusionary rule or the public treasury was too important to be voted on without consideration by a House committee. *See, e.g., id.* at 5,287 (remarks of Rep. Butler); *id.* at 5,289 (remarks of Rep. Dennis). The substance of the amendment was portrayed as concerned primarily with the search and seizure issue with no discussion of the effect of the amendment on the whole of the FTCA. *See, e.g., id.* at 5,286–87 (remarks of Rep. Wiggins) ("The specific problem envisioned by the proponents of the amendment were fourth amendment violations where a police officer may improperly enter the premises of a suspect").