972 F.2d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert LEPPALUOTO; Judina Leppaluoto, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-36098.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 17, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert and Judina Leppaluoto appeal pro se the district court's dismissal of their action against the United States and various individuals in the Coast Guard, the Department of Transportation, the Justice Department, the FBI, the Ninth Circuit Judicial Council, and against various district court and Ninth Circuit judges and several members of Congress. The claims against the United States were based on the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA"), and the claims against the individual federal defendants apparently were based on Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).
 
 
 3
 The Leppaluotos' complaint alleged a conspiracy by the various defendants to fraudulently and maliciously prosecute the Leppaluotos for violation of Coast Guard regulations and then to cover up or fail to prosecute those responsible for this alleged conspiracy. The individual defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds of either absolute or qualified immunity. The United States moved to dismiss the FTCA claim for lack of subject matter jurisdiction. The district court granted the defendants' motion to dismiss. We have jurisdiction pursuant to 28 U.S.C. § 1292 and affirm.
 
 
 4
 We review de novo a dismissal for failure to state a claim pursuant to Rule 12(b)(6). Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989).
 
 
 5
 * Individual Defendants
 
 A. Judicial & Quasi-Judicial Immunity
 
 6
 The Leppaluotos contend that the district court erred by finding that the defendant judges, U.S. Attorneys, Coast Guard administrative hearing officers, and other defendants involved in numerous actions brought by or against the Leppaluotos were entitled to judicial or quasi-judicial immunity. This contention lacks merit.
 
 
 7
 First, "[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). Immunity attaches even if the acts were in error or were performed maliciously. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).[1]
 
 
 8
 Second, in initiating and presenting cases, prosecutors are immune from civil suits for money damages. Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Fry v. Melargno, 939 F.2d 832, 836-37 (9th Cir.1991). Absolute immunity attaches to prosecutorial conduct intimately associated with the judicial phase of the process. Imbler, 424 U.S. at 430; Schlegel v. Bebout, 841 F.2d 937, 942 (9th Cir.1988). Investigative functions carried out in the preparation of a prosecutor's case similarly enjoy absolute immunity. Schlegel, 841 F.2d at 943.
 
 
 9
 Finally, in Butz v. Economou, the Supreme Court held that administrative hearing officers are entitled to absolute immunity. See 438 U.S. 478, 512-13 (1978).
 
 
 10
 Here, the Leppaluotos' claims involve actions undertaken by these defendants within their respective judicial or quasi-judicial functions. Accordingly, the district did not err by dismissing the claims against them.
 
 B. Qualified Immunity
 
 11
 The Leppaluotos contend the district court erred by finding that the Leppaluotos had failed to state a claim against the remaining defendants who, as government officials, were entitled to qualified immunity. This contention lacks merit.
 
 
 12
 Government officials sued under Bivens are entitled to qualified immunity "from liability for civil damages insofar as their conduct does not violate clearly established ... constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). An action alleging a conspiracy to violate a plaintiff's constitutional rights may be dismissed for failure to state a claim if the allegations are vague and conclusory. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982); see also Branch v. Tunnell, 937 F.2d 1382, 1386 (9th Cir.1991).
 
 
 13
 Here, the district court correctly found that the allegations of conspiracy in the Leppaluotos' complaint were either vague and conclusory or nonexistent and as such did not state a claim. See Ivey, 673 F.2d at 278.
 
 II
 United States
 
 14
 The Leppaluotos contend the district court erred by dismissing their FTCA action against the United States on sovereign immunity grounds. This contention also lacks merit.
 
 
 15
 Government liability under the FTCA is limited to the extent a private party under applicable state law under like circumstances would be liable. See 28 U.S.C. § 2674. The Leppaluotos' allegation of tortious conduct involves actions or inactions by governmental agencies which are uniquely governmental in nature and which do not give rise to FTCA liability. See Woodbridge Plaza v. Bank of Irvine, 815 F.2d 538, 543 (9th Cir.1987). Moreover, the decision to initiate legal action against the Leppaluotos or the refusal by the FBI, the Department of Justice's Office of Professional Responsibility, or the Ninth Circuit Judicial Council to take action on the basis of the Leppaluotos' complaint are discretionary functions for which the United States is immune from liability. See Wright v. United States, 719 F.2d 1032, 1035 (9th Cir.1983). Accordingly, the district court did not err in dismissing the Leppaluotos' claim against the United States.[2]
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny the Leppaluoto's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Leppaluotos also name the Ninth Circuit Judicial Council. In this case, the council is akin to a bar association grievance committee and as such "is an integral part of the judicial process" whose members are immune from suit. See Richardson v. Koshiba, 693 F.2d 911, 914 (9th Cir.1982)
 
 
 [2]
 The Leppaluotos argue that 28 U.S.C. § 2680(h) allows a FTCA actions against the United States arising from the tortious conduct of federal "law enforcement officer[s]." The government contends that this provision is inapplicable to law enforcement "agencies" which were named in the complaint. Nevertheless, because we find that the actions of the FBI, Coast Guard, and other government employees alleged to be "law enforcement officers" were discretionary functions, we need not resolve this issue on appeal