SENTENCE REMANDED.

**Man Huy CAO, Plaintiff—Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

**No. 04–55105.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2005.

Decided Nov. 29, 2005.

Marc A. Karlin, Esq., Los Angeles, CA, for Plaintiff—Appellant.

Suzette Clover, Esq., USLA—Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, for Defendant—Appellee.

Before: KLEINFELD, TASHIMA and FISHER, Circuit Judges.

### MEMORANDUM *

Man Huy Cao brings suit against the United States alleging false imprisonment, unlawful seizure, violation of due process rights and negligent supervision. Cao seeks monetary recovery for these claims arising out of his allegedly erroneous imprisonment by the Immigration and Naturalization Service.[1] The district court granted summary judgment for the United States on the false imprisonment, due process and negligent supervision claims, and allowed Cao to dismiss his unlawful seizure claim voluntarily. We affirm the district court.

Because the parties are familiar with the facts, we do not recite them in detail. Cao's false imprisonment claim arises from his detention by the INS from February 2001 to September 2001.[2] The United States may be sued for the intentional tort of false imprisonment under the Federal Tort Claims Act, 28 U.S.C. § 2680(h). However, Cao must prove that an investigative or law enforcement officer of the United States acted tortiously. An

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The INS is no longer an agency, but the parties refer to it in their briefs and we shall do so as well.

2. Cao claims false imprisonment from November 2000 to November 2001, but Cao was in INS custody only from February 2001 to September 2001. Prior to February 2001, Cao was being held in a correctional facility for an armed robbery conviction.

investigative or law enforcement officer is "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violation of Federal Law." 28 U.S.C. § 2680(h). Cao sued the immigration judge for failing to conclude that Cao was lawfully entitled to citizenship and therefore was being wrongfully detained. He sued the INS attorneys prosecuting his case for failing to move to dismiss the removal proceedings in the face of Cao's fervent claims of entitlement to citizenship. Both of these claims fail at the outset because Cao has not established that either the immigration judge or the INS attorneys are investigative or law enforcement officers under § 2680(h). *See Arnsberg v. United States,* 757 F.2d 971, 978 n. 5 (9th Cir.1985) ("[W]hen acting adjudicatively ... a judge or magistrate is not within the purview of § 2680(h)."); *cf. Wright v. United States,* 719 F.2d 1032, 1034 (9th Cir.1983) (affirming district court's dismissal of FTCA claim against Assistant U.S. Attorney for lack of jurisdiction). Thus, the actions of the IJ and INS attorneys in this case cannot form the basis of United States' tort liability. Where the United States has not consented to suit, it retains sovereign immunity and the claim must be dismissed for lack of jurisdiction. *See Gilbert v. Da Grossa,* 756 F.2d 1455, 1458 (9th Cir.1985).

■ Cao also claims that the government violated his due process rights because he was wrongfully detained. Essentially, Cao attempts to assert a cause of action against the United States for a constitutional tort. However, the United States has not waived its sovereign immunity with respect to such claims and, in the absence of waiver, this court lacks jurisdiction to rule on the claim. *See Roundtree v. United States,* 40 F.3d 1036, 1048 (9th Cir.1994) ("It is pellucid that the United

States cannot be sued on the theory that there has been a violation of [plaintiff's] constitutional rights."). Cao has also failed to make any allegations sufficient to establish a *Bivens* action against the INS officers. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Papa v. United States,* 281 F.3d 1004, 1011 (9th Cir.2002).

■ We lack jurisdiction to rule on Cao's unlawful seizure claim because Cao voluntarily dismissed it before the district court had an opportunity to evaluate the merits of that claim. *See* 28 U.S.C. § 1291; *Duke Energy Trading & Mktg., L.L.C. v. Davis,* 267 F.3d 1042, 1048 (9th Cir.2001).

■ Cao has waived his negligent supervision claim because he has neither briefed this claim nor cited any cases in its support. We therefore decline to address it. *See Retlaw Broad. Co. v. NLRB,* 53 F.3d 1002, 1005 n. 1 (9th Cir.1995).

The district court's grant of summary judgment on Cao's false imprisonment, due process and negligent supervision claims is AFFIRMED. Cao's unlawful seizure claim is DISMISSED.