**Raymond A. CHAMBERLIN,
Plaintiff-Appellant,**

v.

**Forester W. ISEN, et al.,
Defendants-Appellees.**

No. 85-1578.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 11, 1985.

Decided Dec. 26, 1985.

Raymond A. Chamberlin, Palo Alto, Cal., pro se.

Larry L. Gallagher, Sp. Asst. U.S. Atty., San Francisco, Cal., for defendants-appellees.

Before SKOPIL, PREGERSON and WIGGINS, Circuit Judges.

SKOPIL, Circuit Judge:

Raymond A. Chamberlin appeals from a decision dismissing his action filed under

the Federal Tort Claims Act for lack of subject matter jurisdiction. We must decide whether the discretionary function exception to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680(a) (1982), shields Patent and Trademark Office ("PTO") employees from tort liability, based on a patent examiner's conduct in rejecting a patent application. We affirm the district court's dismissal of the case for lack of subject matter jurisdiction.

## FACTS AND PROCEEDINGS BELOW

Raymond Chamberlin applied for a patent on an "Annotated Multi-Alarm Appointment Scheduler." After initial rejection by a patent examiner, Chamberlin's application was transferred to examiner Forester Isen. Isen found Chamberlin's answer to the first examiner's objections to the application non-responsive. After a proper response, Isen issued a final rejection of the application based on its vagueness and indefiniteness under 35 U.S.C. § 112 (second paragraph) (1982). After Isen's final rejection, Chamberlin attempted to amend the application numerous times. Isen did not enter any of Chamberlin's proposed amendments, finding that they did not place the application in better form for appeal.

Chamberlin contends the application was rejected because of Isen's "idiosyncratic" notion of the proper phrasing of a patent application. Chamberlin also claimed that Isen acted improperly in refusing to enter the proposed amendments. Chamberlin twice petitioned to replace Isen as his examiner. These requests were denied. When Chamberlin's time for a proper response or appeal expired, the PTO deemed Chamberlin's application abandoned.

Chamberlin then filed an administrative tort claim. It was denied. Chamberlin filed this action based on Isen's alleged tortious behavior in rejecting his patent application. Without hearing argument

the district court dismissed the action for lack of subject matter jurisdiction, holding that Isen's conduct in examining Chamberlin's application fell within the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a) (1982).[1]

## STANDARD OF REVIEW

■ This court reviews *de novo* a district court's determination that it lacks subject matter jurisdiction under the discretionary function exception. See *Las Vegas v. Clark County*, 755 F.2d 697, 701 (9th Cir.1985); *Nevin v. United States*, 696 F.2d 1229, 1231 (9th Cir.1983).

## DISCUSSION

28 U.S.C. § 2680(a) (1982) excepts from the FTCA's coverage:

Any claim ... based on the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

In *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, ——, 104 S.Ct. 2755, 2765, 81 L.Ed.2d 660 (1984), the Supreme Court noted that, "[it] is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case." The rationale underlying the discretionary function exception is a desire, "to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Id.* "[I]f judicial review would encroach upon this type of balancing done by an agency, then the exception would apply." *Begay v. United States*, 768 F.2d 1059, 1064 (9th Cir.1985).

---

**1.** Chamberlin also claims that since the court decided the PTO's motion to dismiss without hearing argument, the decision is "invalid." A district court does not abuse its discretion in deciding motions to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) without entertaining oral argument. See *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir.1983).

A. *Nature of the Conduct.*

35 U.S.C. § 131 (1982) provides the PTO's authority to examine patents, as follows:

The Commissioner shall cause an examination to be made of the application and the alleged new invention; and if on such examination *it appears that the applicant is entitled to a patent* under the law, the Commissioner shall issue a patent therefor.

(Emphasis supplied). The plain wording of the statute relegates the determination of patentability to the Commissioner's judgment. The regulations establishing patent examination procedures extend the Commissioner's discretion to patent examiners. A patent must be "considered patentable" by an examiner, or be rejected. 37 C.F.R. § 1.106(a) (1985).

■ Isen rejected Chamberlin's application for vagueness and indefiniteness under 35 U.S.C. § 112 (1982). Compliance with the statutory requirements of particularity and definiteness is necessary for an invention to be patentable. *United Carbon Co. v. Binney & Smith Co.*, 317 U.S. 228, 232, 63 S.Ct. 165, 167, 87 L.Ed. 232 (1942) (regarding version of section 112 then in effect). Regulations pertaining to section 112 require the patent examiners to consider the patentability of an application "as claimed," 37 C.F.R. § 1.106 (1985), and "with respect to matters of form," 37 C.F.R. § 1.104 (1985). The scheme for examining patent applications leaves the decision whether an application discloses patentable subject matter with sufficient clarity and definiteness to the independent judgment of the patent examiner.

Indeed, it has long been recognized that PTO employees perform a "quasi-judicial" function in examining patent applications. *See Compagnie De Saint-Gobain v. Brenner*, 386 F.2d 985, 987 (D.C.Cir.1967) (noting adjudicatory function of examiner in checking for non-obviousness); *Butterworth v. United States ex rel. Hoe*, 112 U.S. 50, 67, 5 S.Ct. 25, 34, 28 L.Ed. 656 (1884) (Commissioner exercised quasi-judicial functions "in issuing or withholding

patents, in reissues, interferences, and extensions...."). This recognition supports a finding that Isen's conduct was protected by the discretionary function exception. See also *Hirsch v. United States*, 203 U.S. P.Q. 779, 780 (D.C.Cir.1978) (PTO's opinion-writing function in rejecting claims for non-obviousness shielded by exception); *Paley v. Wolk*, 262 F.Supp. 640, 643 (N.D.Ill.1965) (PTO's decision to reject an application for undue multiplicity of claims within exception); *Case v. CPC International, Inc.*, 730 F.2d 745, 752 (Fed.Cir.1984) (decision to institute interference proceedings was protected discretionary function); *but see Lindsey v. United States*, 222 U.S.P.Q. 507, 509 (E.D.Tex.1983), *judgement reversed*, No. 84–2403 (5th Cir.1985) (FTCA suit based on examiner's negligence not barred by exception).

Chamberlin raises two principal arguments to avoid application of the discretionary function exception. First, Chamberlin argues that Isen's examination of the patent application took place at the "operational" level as opposed to the "planning" level, and is therefore outside the scope of the discretionary function exception. *See Driscoll v. United States*, 525 F.2d 136, 138 (9th Cir.1975); *Thompson v. United States*, 592 F.2d 1104, 1111 (9th Cir.1979). This circuit abandoned the planning/operational level distinction in light of *Varig's* focus on the "nature of the conduct in question." *Begay*, 768 F.2d at 1062 n. 2.

Second, Chamberlin claims that even if the eventual grant or denial of a patent application is discretionary, he is not objecting to the discretionary decision on the merits of his application. Rather, Chamberlin argues that Isen failed to comply with the mandatory guidelines of the Manual of Patent Examining Procedures ("MPEP"), in examining his application for clarity and definiteness. These requirements are alleged to be nondiscretionary. Specifically, Chamberlin asserts that Isen violated the following:

MPEP section 706.03(d): [U]nder no circumstances should a claim be rejected

merely because the examiner prefers a different choice of wording.

MPEP section 706.07: In making such final rejection, the examiner shall repeat or state all grounds of rejection ... clearly stating the reasons therefor....

MPEP section 707.07(d): Everything of a personal nature must be avoided ... [he] should not express in the record the opinion that the application is, or appears to be, devoid of patentable subject matter.

MPEP section 707.07(e): In ... an amended case ... the examiner should note in every letter all the requirements outstanding against the case. Every point ... still applicable must be repeated....

The question of whether Isen violated these provisions of the MPEP is irrelevant to determining whether the discretionary function exception applies. The discretionary function exception protects discretionary conduct, "whether or not the discretion involved be abused." 28 U.S.C. § 2680(a) (1982). The relevant question is whether the MPEP eliminates the element of independent judgment allowed patent examiners under 35 U.S.C. §§ 112, 131 (1982) and 37 C.F.R. §§ 1.104–1.106(a) (1985).

It is true that the MPEP contains some mandatory language. For the most part, however, the MPEP only suggests or authorizes procedures for patent examiners to follow. For example, MPEP section 707.03(d), besides containing the mandatory language quoted above on which Chamberlin relies, provides that examiners, "should allow claims which define the patentable novelty with a *reasonable degree of particularity and distinctness*" (emphasis in original). The section further provides, "the examiner's actions should be constructive in nature...." · The decision as to what is "reasonable" and "constructive" under the circumstances is necessarily a matter of the examiner's discretion and judgment. The Foreward to the Fifth Edition of the MPEP, dated August 1983, states that the MPEP, "contains instructions to examiners," but, "does not have the force of law or the force of the Patent Rules of Practice in Title 37, Code of Federal Regulations." We conclude that the MPEP does not eliminate a patent examiner's discretion when examining patent applications. Rather, the MPEP is merely part of the overall scheme providing for discretionary examination of patent applications.

B. *Social, Economic, or Political Policy Decision.*

Following *Varig*, we must also consider whether judicial review of Isen's conduct "through the medium of a tort suit," would be consistent with the rationale underlying the discretionary function exception to the FTCA. That rationale is to prevent judicial review of policy-based decisions. *Varig*, 104 S.Ct. at 2765; *Begay*, 768 F.2d at 1064.

The fundamental policy behind the American patent system is to provide inventors with a limited monopoly in exchange for public disclosure. *See* Peter D. Rosenburg, *Patent Law and Fundamentals* § 1.03 (2d ed. 1985). Accordingly, this circuit has recognized that a patent must be sufficiently clear to allow others to reproduce its results when the monopoly period expires and to enable contemporary inventors to ascertain whether or not they are infringing upon a patent. *Locklin v. Switzer Bros., Inc.*, 299 F.2d 160, 166 (9th Cir.1961), *cert. denied*, 369 U.S. 861, 82 S.Ct. 950, 8 L.Ed.2d 18 (1962).

The decision of a patent examiner regarding the clarity and definiteness of a patent application arguably implicates the social and economic concerns underlying the patent system. Clarity of disclosure is essential for an invention to be useful to the public. Claims must be defined with sufficient definiteness to prevent other inventors from infringing on the patent during the monopoly period while freely exploring remaining avenues of invention. Review of patent examiners' decisions in these matters through the medium of tort suits might involve "judicial second-guessing" of decisions based on social policy. See *Varig*, 104 S.Ct. at 2765.

Our analysis of the conduct involved in this case and the public policy implications of patent examining leads us to conclude that Isen's alleged tortious behavior in this case falls under the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a) (1982). The district court properly dismissed the action for lack of subject matter jurisdiction.

AFFIRMED.