**Opal V. MITCHELL, Plaintiff-Appellee,**

v.

**UNITED STATES of America,
Defendant-Appellant.**

**No. 85–3744.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 1986.

Decided April 15, 1986.

H.K. Dano, Dano, Cone, Fraser & Gilreath, Moses Lake, Wash., and Charles Bush, Seattle, Wash., for plaintiff-appellee.

Harold J. Krent, Dept. of Justice, Washington, D.C., for defendant-appellant.

Before WALLACE and SKOPIL, Circuit Judges, and HENDERSON,* District Judge.

---

* The Honorable Thelton E. Henderson, United States District Judge for the Northern District of

SKOPIL, Circuit Judge:

The government appeals from a district court finding of liability for the death of Vernon Mitchell. We reverse.

## FACTS AND PROCEEDINGS BELOW

Vernon Mitchell contracted to crop dust a field located near the Yakima River in Washington. On May 18, 1980 his plane struck unmarked power transmission ground wires, resulting in his death. His wife, Opal Mitchell, brought a wrongful death action against Bonneville Power Administration ("BPA"), pursuant to the Federal Torts Claims Act, 28 U.S.C. § 2674 ("FTCA"). She alleged the BPA negligently failed to alert pilots of the presence of ground wires by failing to install warning devices. The government moved for summary judgment, claiming its decision not to mark ground wires with warning devices constituted a "discretionary function" within the protection of 28 U.S.C. § 2680(a). Alternately, the government claimed its decision was reasonable.

The district court denied the government's motion. After trial, the court concluded the agency was negligent in failing to mark the ground wires, and in "blindly relying upon the advice of the Federal Aviation Administration as to whether or not the lines should be marked without making any independent investigation." The court also found Mr. Mitchell was twenty-five percent contributorily negligent.

The government appeals.

## DISCUSSION

A party may bring a cause of action against the United States only to the extent the government has waived its sovereign immunity. *United States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976). A party bringing a cause of action against the federal government bears the burden of demonstrating an unequivocal waiver of immunity. *Hollo-*

California, sitting by designation.

*man v. Watt,* 708 F.2d 1399, 1401 (9th Cir.1983), *cert. denied,* 466 U.S. 958, 104 S.Ct. 2168, 80 L.Ed.2d 552 (1984).

28 U.S.C. § 2680(a) sets forth the so-called discretionary function exception to the government's waiver of immunity under the FTCA. This section precludes the exercise of jurisdiction over any claims "based on the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). *See Dalehite v. United States,* 346 U.S. 15, 33, 73 S.Ct. 956, 966, 97 L.Ed. 1427 (1953).

This court reviews de novo a district court's determination of subject matter jurisdiction under the discretionary function exception. *Chamberlin v. Isen,* 779 F.2d 522, 523 (9th Cir.1985). The court must look to the nature of the allegedly negligent conduct to determine whether the discretionary function exception governs in a particular case. "[T]he basic inquiry ... is whether the challenged acts of a Government employee—whatever his or her rank—are of the nature and quality that Congress intended to shield from tort liability." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense ("Varig Airlines"),* 467 U.S. 797, 104 S.Ct. 2755, 2764–65, 81 L.Ed.2d 660 (1984). The purpose of the exception is to prevent judicial second-guessing of legislative and administrative decisions based on social, economic, and political policy. *Id.,* 104 S.Ct. at 2765. If judicial review would interfere with this kind of agency decisionmaking, the exception applies and thereby denies this court jurisdiction. *Chamberlin,* 779 F.2d at 523.

■ In this case the district court found the agency's decision to rely on FAA recommendations to not mark ground wires was not protected by the discretionary function exception. The court reasoned the agency decision was made at the operational level rather than the planning level. *See Driscoll v. United States,* 525 F.2d 136, 138 (9th Cir.1975). This court has abandoned such a distinction in light of *Varig*

*Airlines'* focus on the nature of the conduct involved. *Begay v. United States,* 768 F.2d 1059, 1062 n.2 (9th Cir.1985). In *Begay,* we concluded that the decision not to warn of potential safety hazards "was clearly the type of decision of an agency which Congress sought to protect from judicial review under the Tort Claims Act." *Id.* at 1066.

The BPA's decision not to install warning devices is protected by section 2680(a). The BPA did not negligently install or maintain warning devices, but rather, affirmatively decided to adopt the FAA's policy of not marking ground wires below 500 feet. The Federal Aviation Act, 49 U.S.C. § 1421 authorized the FAA to regulate air safety. The BPA does not have similar statutory authorization and therefore chose to rely on FAA standards regarding whether to mark ground wires. Its choice to leave air space safety standards to be set chiefly by the FAA was "grounded in social, economic, and political policy." *Varig Airlines,* 104 S.Ct. at 2765. Our review of this decision would encroach upon the agency's decisionmaking process; the exception therefore applies and we are without jurisdiction to review the agency's decision. *See Begay,* 768 F.2d at 1064.

■ Mitchell argues that "BPA was without discretionary authority to breach the duty of care imposed by Washington law." Negligence, however, is irrelevant to the discretionary function issue. The FTCA itself exempts discretionary functions "whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). *See also Cisco v. United States,* 768 F.2d 788, 789 (7th Cir.1985).

■ Mitchell also argues this case is distinguishable from *Varig Airlines* and *Begay* because in those cases the agencies did not act in "the primary role." That is, the agencies were regulating industries which were more directly responsible for the dangerous condition and resulting injury. This court, however, has stated that section 2680(a) is not relegated to strictly regulatory actions. *Begay,* 768 F.2d at 1064; *see*

*also Varig Airlines,* 104 S.Ct. at 2763; *Dalehite,* 346 U.S. at 39–42, 73 S.Ct. at 969–71.

The judgment below is REVERSED and this case is REMANDED to the district court with instructions to dismiss for lack of subject matter jurisdiction.

REVERSED and REMANDED.