**Rosemary WEISSICH; Jill Elaine Weissich, et al., Plaintiffs–Appellants,**

v.

**UNITED STATES of America, et al., Defendant–Appellee.**

No. 92–15411.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 1993.

Decided Sept. 10, 1993.

Alvin H. Goldstein, Jr., Mark L. Musto, Goldstein & Phillips, San Francisco, CA, for plaintiffs-appellants.

Stephen L. Schirle, Asst. U.S. Atty., San Francisco, CA, for defendant-appellee.

Before: KOZINSKI, THOMPSON and T.G. NELSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

## OVERVIEW

In their complaint filed in the district court, Rosemary Weissich and her three children ("the Weissichs") asserted two claims against the United States. First, they alleged that the Bureau of Alcohol, Tobacco and Firearms ("ATF") and the United States Probation Service ("USPS") negligently failed to warn William Weissich of an impending threat posed by Malcolm Schlette, a federal probationer. Second, they alleged that the USPS negligently supervised Schlette. The district court granted summary judgment in favor of the government on both claims and dismissed the action. The Weissichs appeal. We affirm. We do so, however, on the ground that the discretionary function exception of the Federal Tort Claims Act ("FTCA") bars the Weissichs' suit against the United States.

## FACTS

In 1955, the Marin County District Attorney, William Weissich, prosecuted Malcolm Schlette. Schlette was convicted of arson and sentenced to twenty years in prison. He threatened to retaliate by killing the district attorney, the judge, the jurors, all witnesses, and the police officers involved in his conviction. In 1966, Schlette was released on state parole. Authorities discovered that he planned to carry out his prior threats and returned him to prison to serve the remainder of his twenty-year term. In 1975, Schlette completed his full term and was released without supervision.

In 1983, he was arrested by the ATF. He pleaded guilty to being a felon in possession of firearms and was placed on federal probation for five years. In 1986, while on proba-

tion, Schlette shot and killed William Weissich.

## DISCUSSION

We review a grant of summary judgment de novo. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 629 (9th Cir.1987). We may affirm a summary judgment on any ground supported by the record. *Jaffke v. Dunham,* 352 U.S. 280, 281, 77 S.Ct. 307, 308, 1 L.Ed.2d 314 (1957). A district court's determination of subject matter jurisdiction under the discretionary function exception of the FTCA is reviewed de novo. *Mitchell v. United States,* 787 F.2d 466, 468 (9th Cir.1986), *cert. denied,* 484 U.S. 856, 108 S.Ct. 163, 98 L.Ed.2d 118 (1987).

The FTCA authorizes suits against the United States for negligent performance of governmental functions. 28 U.S.C. § 1346(b) (1988). The Act, however, is subject to certain exceptions. One exception is the discretionary function exception set forth in section 2680(a):

The provisions of this chapter shall not apply to any claim based on an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise of performance or failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

To determine whether the discretionary function exception applies, we look to the nature of the alleged negligent conduct. *United States v. S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 808, 104 S.Ct. 2755, 2761–62, 81 L.Ed.2d 660 (1984). All decisions implementing a discretionary decision are not necessarily protected, but only those choices grounded in social, economic and political policy. *Berkovitz v. United States,* 486 U.S. 531, 537, 108 S.Ct. 1954, 1959, 100 L.Ed.2d 531 (1988).

█ The discretionary function exception does not apply when a federal statute, regulation or policy specifically prescribes a course of action for a government employee to follow. *United States v. Gaubert,* 499 U.S. 315, ——, 111 S.Ct. 1267, 1277, 113 L.Ed.2d 335 (1991). In *Gaubert,* the Court concluded that certain agency action was discretionary because there were no formal regulations governing the conduct in question. Here, the Weissichs have identified no federal statute, regulation or policy mandating that ATF officers warn potential victims. Consistent with the analysis in *Gaubert,* we conclude that the decision whether to warn William Weissich was a matter of discretionary choice for the agency.

This choice implicated policy concerns. These concerns include how much of the agency's resources it should commit to identifying victims, what standard it should adopt to determine which potential victims to notify, and how it should go about notifying them. An analysis of these concerns would likely include consideration of budgetary constraints as well as time and personnel limitations.

█ It is not necessary for the government to prove a conscious decision based on a policy analysis. *Kennewick Irr. Dist. v. United States,* 880 F.2d 1018, 1028 (9th Cir. 1989). It is enough that the choice is one to which a policy analysis may apply. *Id.* Here, it is. Accordingly, the ATF is shielded by the discretionary function exception of the FTCA from any negligence in failing to warn William Weissich of the danger Schlette posed to him. *See Mitchell v. United States,* 787 F.2d 466, 468 (9th Cir.1986), *cert. denied,* 484 U.S. 856, 108 S.Ct. 163, 98 L.Ed.2d 118 (1987) (The FTCA exempts discretionary functions "whether or not the discretion involved be abused.").

█ The Weissichs contend that the failure to warn was not a matter of choice for the probation officers. They contend that the USPS guidelines impose a mandatory duty on probation officers to warn a foreseeable victim of a risk of harm imposed by probationers. The guidelines provide:

Probation officers have an obligation to protect the public, as well as promote the rehabilitation of the probationer. In meeting these dual obligations, the probation officer has a duty to warn *specific* third parties of a *particular* prospect of harm, *physical* or *financial,* which the officer "reasonably foresees" the probationer may pose to them. The obligation exists whether or not the third party has solicited the information.

(1) The circumstances of all persons under probation supervision should be reviewed periodically to determine whether they might pose a reasonably *foreseeable* danger to a third person. The guidelines apply to probationers who already have secured employment as well as ones presently seeking employment.

(2) The guidelines are *selective.* A warning is not required in every case, *only* where a *reasonably foreseeable* risk of harm to a *specific* third party is believed to exist.

*Determination of Risk.* The determination of whether a "reasonably foreseeable" risk exists depends upon a selective case-by-case evaluation. The evaluation should be based upon, among other factors, (1) the probationer's job; (2) his or her prior criminal background and conduct; and (3) the type of crime for which he was convicted. Special attention should be paid to employment or other circumstances which present the probationer with an opportunity or temptation to engage in criminal or antisocial behavior related to his criminal background.

*Reasonably Foreseeable Risk.* "Reasonably foreseeable" means that the circumstances of the relationship between the probationer and the third party, *e.g.,* employer and employee, suggest that the probationer may engage in a criminal or anti-social manner *similar* or *related* to his past conduct.

*Decision Regarding Disclosure.*

(1) If the probation officer determines that *no* reasonably foreseeable risk exists, then *no* warning should be given.

(2) If the probation officer determines that a *reasonably foreseeable risk* exists,

814

he or she shall decide, based upon the seriousness of the risk created and the possible jeopardy to the probationer's employment or other aspects of his rehabilitation, whether to: (a) give no warning, but increase the probationer's supervision sufficiently to minimize the risk; (b) give no warning, but preclude the probationer from employment; or (c) give a confidential warning to the specific third party sufficient to put the party on notice of the risk imposed.

Guide to Judiciary Policies and Procedures Probation Manual, Vol. X Chapter 4 § 4302 (1983).

■■■ If a policy allows room for implementing officials to make independent policy judgments, the discretionary function exception protects the acts taken by those officials in the exercise of this discretion. *Berkovitz*, 486 U.S. at 546, 108 S.Ct. at 1964. The probation guidelines require officials to make independent policy judgments. The guidelines set out dual obligations of a probation officer to (1) protect the public, and (2) promote the rehabilitation of the probationer. Because these interests may conflict, officer discretion in balancing them is inherent.

The guidelines provide that the circumstances of probationers "should" be reviewed periodically to determine if they pose a reasonably foreseeable danger to a third person. This language is suggestive, not mandatory. It serves as a general guideline to probation officers. The guidelines also provide that they are "selective." A warning is not required in every case, only where a reasonably foreseeable risk of harm to a specific third party is believed to exist.

The guidelines clearly leave it to the officers' discretion to determine what is a reasonably foreseeable risk of harm to a specific third party. The determination whether a reasonably foreseeable risk exists depends upon a selective case-by-case evaluation. A "case-by-case" evaluation presumes significant officer discretion. The guidelines list several policy factors an officer should consider in determining the risk posed by a

probationer and whether a warning is necessary.

We conclude that the USPS, like the ATF, is protected by the discretionary function exception of the FTCA from liability for not warning Weissich about Schlette.

■■ The Weissichs also contend that the USPS negligently supervised Schlette by failing to carry out it's own plan of supervision and failing to enforce the terms of Schlette's probation.

■■■ Release conditions for a probationer are set forth in 28 C.F.R. § 2.40 (1992). This section specifically provides that the probationer shall report to his probation officer as the probation officer directs. Thus, when and how a probationer will report implicates a discretionary choice by the probation officer. When a statute, regulation or agency guideline allows a government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion. *Gaubert*, 499 U.S. at ——, 111 S.Ct. at 1277.

In addition, according to USPS guidelines, a probation officer has dual obligations to (1) protect the public, and (2) promote the rehabilitation of the probationer.[1] To meet these dual obligations, a probation officer must establish a supervisory plan which both promotes the rehabilitation of the probationer and causes the least possible harm to the public. This balancing of interests necessarily involves policy decisions on matters such as public safety, allocation of scarce resources, and the likelihood of rehabilitation.

Schlette's probation officers made discretionary choices pertaining to his supervision while he was on federal probation. There was no fixed plan *per se*, but rather an evolving plan, the contours of which were shaped on an ongoing basis as the officers dealt with Schlette. Perhaps the officers should have decided to supervise Schlette more closely. Perhaps, as the Weissichs suggest, unannounced home visits might have been more appropriate. These are judgment calls, however. They are made by a probation officer in the context of balancing

1. Under U.S.C. §§ 3655 and 4203(b)(4) (1988), probation officers function as parole officers.

the policy considerations previously mentioned. As such, they are discretionary functions. The discretionary function exception of the FTCA applies, and the USPS is shielded from liability even if it was negligent in supervising Schlette while he was on federal probation.

The district court's dismissal of the Weissichs' action against the government is AFFIRMED.