78 F.3d 594
 77 A.F.T.R.2d 96-1360
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Emery SOOS, Plaintiff-Appellant,
v.
Nora M. MANELLA, United States Attorney; Edward M. Robbins,
Assistant U.S. Attorney Chief Tax Division;
Darwin Thomas, Assistant U.S. Attorney,
Defendants-Appellees.
 No. 95-55022.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 5, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Emery Soos appeals pro se the district court's dismissal of his action for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Soos alleged that various Internal Revenue Service ("IRS") employees harassed and intimidated him, and violated his constitutional rights by auditing his tax returns and assessing taxes against him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Weissich v. United States, 4 F.3d 810, 812 (9th Cir.1993), cert. denied, 114, S.Ct. 2705 (1994), and we affirm.
 
 
 3
 In his amended complaint and his brief on appeal, Soos acknowledges that his intent was to sue the United States. The amended complaint, however, was not served upon the Attorney General of the United States at Washington, D.C., as required by Fed.R.Civ.P. 4(d). Accordingly, the court lacked personal jurisdiction over the United States. See Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir.1982).
 
 
 4
 To the extent that Soos's complaint is construed as an action against the defendants in their individual capacities, Soos's reliance on the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671-2680, is misplaced. The government action he complains of involved the assessment and collection of a federal tax liability, and the FTCA does not apply to claims arising out of the "assessment and collection of any tax." See 28 U.S.C. 2680(c); Hutchinson v. United States, 677 F.2d at 1322, 1327 (9th Cir.1982).
 
 
 5
 Soos's reliance on I.R.C. § 7432 is also misplaced. Section 7432 allows a taxpayer to bring an action for damages against the United States when any employee of the IRS knowingly or negligently fails to release a lien against the taxpayer's property. To sue the United States under this statute, however, the taxpayer must first exhaust his administrative remedies. See 26 U.S.C. § 7432(d)(1); 26 C.F.R. § 301.7432(e) and (f)(10). See also Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir.1993) (applying 26 U.S.C. § 7433(d)(1)). Because Soos failed to exhaust his administrative remedies, the district court did not have jurisdiction under this statute. See 26 U.S.C. § 7432(d)(1).[1]
 
 
 6
 We have considered Soos's other arguments and hold that they are without merit.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Congress has provided a remedy for the type of IRS conduct Soos's complains of, he may not maintain an action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). See Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991)