**GATX/AIRLOG COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. C98–1029L.

United States District Court, W.D. Washington, at Seattle.

Aug. 30, 1999.

Stuart R. Dunwoody, Davis Wright Tremaine LLP, Seattle, WA.

Stephen C. Neal, Scott D. Devereaux, Margaret C. Livnah, Cooley Godward, LLP, Palo Alto, CA.

Kathleen A. Howard, Cooley Godward Castro, San Francisco, CA.

Philip H. Lynch, U.S. Atty's Office, Tacoma, WA.

Jill Dahlmann Rosa, U.S. Dept. of Justice, Civ. Div., Torts Branch, Washington, DC.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

LASNIK, District Judge.

Defendant seeks an order dismissing plaintiff's complaint[1] for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1), 12(b)(6), and 12(h)(3), or, in the alternative, granting summary judgment pursuant to Fed.R.Civ.P. 56.

Plaintiff has alleged that the Federal Aviation Administration ("FAA") was negligent in approving a particular design methodology for use in modifying Boeing 747 aircraft and in approving the design subsequently developed by plaintiff's contractor. Complaint at ¶ 46.[2] Defendant argues that the Court lacks jurisdiction over plaintiff's claims because: (1) the United States has not waived its sovereign immunity for claims arising out of discretionary acts; (2) the Court of Appeals has exclusive jurisdiction to review certification and enforcement decisions; (3) the United States could not be held liable under applicable state law, which is a prerequisite to a Federal Tort Claims Act action; and (4) the United States has not waived its sovereign immunity for claims arising out of misrepresentations or interference with contractual rights.

---

1. For purposes of this Order, the Court has considered only the allegations and claims set forth in plaintiff's original complaint, filed on July 24, 1998.

2. All paragraph citations refer to the original complaint, filed on July 24, 1998.

## FACTS

Plaintiff alleges that the FAA negligently approved the use of the "equivalent strength or better" method of showing that the proposed conversion of Boeing 747 passenger aircraft to cargo freighters would comply with the engineering requirements of the Federal Aviation Regulations ("FARs").[3] The "equivalent strength or better" methodology involves the comparison of aircraft structural strength on a component-by-component or section-by-section basis, the theory being that if the individual components or sections of the proposed design are as strong as or stronger than a previously-approved design, then the proposed design will have substantially the same, if not better, ability to withstand the forces and stresses of flying. The choice of the proper design method was very important to plaintiff's contractor, Hayes International ("Hayes"), and was one of the first subjects discussed with the FAA when the possibility of the freighter conversion arose in 1985. Complaint at ¶ 9. The comparative analysis approved by the FAA was not the only available option: an "original loads" analysis, requiring individualized showings of the forces actually applied to the proposed design under various flight scenarios, was another, more costly, alternative considered by Hayes and the agency. Complaint at ¶¶ 10–14.

In 1988, Hayes submitted, and the FAA accepted for review, engineering data regarding the freighter conversion, all of which was based on the "equivalent strength or better" analysis that the FAA had approved in 1986 and again in 1987. Complaint at ¶ 24. Based on that data, the FAA issued two Supplemental Type Certificates ("STCs") approving the design of the cargo door and the cargo compartment. The STCs were assigned by Hayes to plaintiff, which thereafter converted and sold ten aircraft based on the approved designs. Complaint at ¶¶ 24 and 25.

After reviewing in-service data generated on the converted aircraft, however, the FAA determined that there were physical design deficiencies in the converted aircraft which required a reduction in the maximum allowable payload the converted freighters could carry. An Airworthiness Directive ("AD") to that effect was issued in January 1996. Complaint at ¶ 26. While plaintiff was apparently willing to make structural changes to remedy the perceived problems, the FAA found that the engineering methodology used to obtain the STCs in 1988, namely the "equivalent strength or better" analysis, had not generated enough data regarding how the forces applied to the freighter during flight are distributed within the structural elements of the aircraft for the FAA to identify specific remedial possibilities. Complaint at ¶¶ 29 and 12. Although plaintiff is not challenging the validity or accuracy of the AD in this litigation, it alleges, and defendant does not deny for purposes of this motion, that the FAA's approval of the use of the comparative analysis and its acceptance and review of data based on that analysis were errors arising from the FAA's negligence.

## DISCUSSION

### I. APPLICABILITY OF THE DISCRETIONARY FUNCTION EXCEPTION

██ "The United States can be sued only to the extent that it has waived its sovereign immunity." *West v. United States,* 830 F.2d 1044, 1046 (9th Cir.1987) (quoting *United States v. Orleans,* 425 U.S. 807, 814, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976)), *cert. denied,* 485 U.S. 1007, 108 S.Ct. 1470, 99 L.Ed.2d 699 (1988). The burden of showing a waiver of immunity lies with the party seeking to sue the federal government. Plaintiff has stated a claim for negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), through which Congress expressly abrogated the United States' im-

---

**3.** Both the fact that the FAA approved the use of the "equivalent strength or better" method-

ology and the negligence of that decision have been assumed for purposes of this motion.

munity in certain circumstances. Defendant argues that plaintiff's claims fall within the discretionary function exception to the FTCA's waiver: defendant bears the burden of showing that such an exception applies. *See Prescott v. United States*, 973 F.2d 696, 702 (9th Cir.1992).

Defendant asserts that the FAA's approval of the "equivalent strength or better" design analysis and its acceptance and review of the data produced by Hayes based on that analytical method are discretionary actions exempted from the FTCA's waiver of immunity under the discretionary function exception. The discretionary function exception provides that the sovereign's immunity is not waived for:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise of performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved by abused.

28 U.S.C. § 2680(a).

■ To determine whether the government's alleged conduct was discretionary, the Court evaluates the nature of the conduct itself. *See, e.g., Gasho v. United States*, 39 F.3d 1420, 1435 (9th Cir.1994), *cert. denied,* 515 U.S. 1144, 115 S.Ct. 2582, 132 L.Ed.2d 831 (1995). The discretionary function exception will apply only if (1) the federal agency or employees had a choice in making the decision or taking the action of which plaintiff complains and (2) the choice involved social, economic, and/or political policy considerations. *See, e.g., Kennewick Irrigation Dist. v. United States*, 880 F.2d 1018, 1025 (9th Cir.1989) (citing *Berkovitz v. United States*, 486 U.S. 531, 536–37, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988)). As noted above, plaintiff has challenged two of the FAA's decisions or actions in connection with the issuance of the 1988 STCs. Both of those decisions are analyzed below to determine the applica-

bility of the discretionary function exception.

## A. Use of "Equivalent Strength or Better" Methodology

Plaintiff asserts that the agency's approval of the "equivalent strength or better" analysis was negligent. Plaintiff has not identified, and the Court cannot find, any regulation or statute that specifically governed this particular decision or in any way limited the FAA's discretion in choosing an appropriate engineering methodology. Unlike in *Starrett v. United States*, 847 F.2d 539 (9th Cir.1988), there was no Executive Order, statute, or regulation defining the appropriate analysis to be applied in these circumstances. The FAA is given both the task of ensuring that proposed designs comply with the FARs and discretion in accomplishing that task. The FAA's decision to use a comparative analysis was, therefore, a matter of choice or judgment, satisfying the first prong of the discretionary function analysis.

■ Plaintiff argues that, even if there were an element of choice in the FAA's decision, it was a purely objective decision made on engineering and safety considerations, not social, economic, or political policy considerations. The Court disagrees. First, there is a presumption that regulators who are given discretion in carrying out their regulatory or statutory mandates are acting in furtherance of the policies underlying those regulations or statutes. *See United States v. Gaubert*, 499 U.S. 315, 324, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). The argument that safety or engineering considerations automatically preclude considerations of policy has already been rejected by the Ninth Circuit (*see West*, 830 F.2d at 1047–48), and plaintiff has not overcome the initial presumption that FAA's choice of a particular engineering methodology involved policy judgments.

In addition, "the purpose of the discretionary function exception is to prevent judicial second-guessing of legislative and

administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Foster v. United States,* 923 F.2d 765, 769 (9th Cir. 1991) (quotations omitted). Allowing plaintiff's claim to continue would work the exact harm Congress was trying to prevent through the enactment of the discretionary function exception. The FAA's decision to authorize the use of less onerous, costly, and time-consuming engineering methodologies to prove compliance with safety regulations in this case is part of the overall scheme through which the FAA attempts to promote air safety. A judgment of liability based on the fact that the FAA permitted the use of a less-than-exhaustive engineering analysis would, in effect, force the FAA to require the most stringent of methodologies before certifying a new aircraft design or modification. Had Congress or the FAA deemed it appropriate to sacrifice innovative designs, fiscal reasonableness, and the advancement of air travel in their desire to promote safety, they could have conditioned the issuance of design certificates on absolute proof of airworthiness. This they did not do, instead choosing a system that balances the need for safety with the economic realities and social desirability of launching new aircraft designs. Allowing a private tort action to disturb the regulatory scheme adopted by the FAA would be "precisely th[e] sort of judicial intervention in policymaking that the discretionary function exception was designed to prevent." *United States v. Varig Airlines,* 467 U.S. 797, 820, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984).

The Court finds, therefore, that the discretionary function exception precludes the exercise of jurisdiction over plaintiff's claim regarding the FAA's approval of the "equivalent strength or better" analysis for showing regulatory compliance.[4]

## B. Failure to Evaluate Pertinent Technical Data

Plaintiff's second allegation of negligence involves the FAA's alleged failure to comply with Order 8110.4, page 32, which states that a STC "will be issued only if the pertinent technical data have been examined and found satisfactory." Plaintiff argues that because the FAA had approved the wrong engineering analysis, all of the data and information produced pursuant to that analysis was not "pertinent," resulting in a violation of the Order. Plaintiff is attempting to bring itself within the boundaries of *Berkovitz v. United States,* 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). In *Berkovitz,* the court construed one portion of the plaintiffs' claim as an allegation that the government had failed, contrary to a regulatory mandate, to collect data on proposed vaccines. Since the government did not have discretion to violate such a mandatory regulation, the Supreme Court held that the discretionary function exception did not apply to that conduct. *Berkovitz,* 486 U.S. at 542–43, 108 S.Ct. 1954.

In the case at hand, however, the FAA did not fail to collect or review the engineering data produced by Hayes. Plaintiff does not contest that its contractor conducted analyses, produced data, certified the new design's compliance, and presented the test data and his certification to the FAA for review. Thus, every substantive requirement of Order 8110.4 was met. Plaintiff argues, with the benefit of hindsight, that because the information collected and reviewed did not definitively show the design's airworthiness, it was not "pertinent." The data collected and reviewed was, however, pertinent to the analytical methods chosen at the time and did provide relevant information regarding the elemental strength of the new design compared with designs that were already in

---

4. Whether the FAA employees who approved the use of the "equivalent strength or better" analysis actually weighed the policy implications of their decision is irrelevant to the second prong of the discretionary function

test. The issue is whether the employees' actions "are susceptible to policy analysis," an issue which can be determined by the Court as a matter of law. *Gaubert,* 499 U.S. at 325, 111 S.Ct. 1267.

service. The information was, therefore, pertinent, even if FAA now believes that it was not conclusive.

In addition, the fact that the data collected and reviewed may have been irrelevant is the direct result of the FAA's initial decision to accept data based on the "equivalent strength or better" methodology. Plaintiff is attempting, through artful pleading, to present the downstream result of a discretionary decision, namely the review of inconclusive material, as an independent act of negligence. Since the underlying cause of this error (the choice of the wrong engineering analysis) falls within the discretionary function exception, plaintiff's claim regarding failure to review pertinent information cannot be allowed to proceed: otherwise, private litigants would be able to circumvent the discretionary function exception by suing on a consequence of the discretionary decision rather than the decision itself. Such suits would be no less intrusive on legislative and administrative policymaking and cannot be not permitted.

█ The Court finds, therefore, that the discretionary function exception precludes the exercise of jurisdiction over plaintiff's claim regarding the FAA's collection and review of data generated under the "equivalent strength or better" analysis.[5]

## II. Exclusive Jurisdiction of Court of Appeals

Plaintiff's original complaint does not challenge the 1996 issuance of the AD or the merits thereof. *See* Plaintiff's Opposition Brief at 16. The exclusive jurisdiction provisions of 49 U.S.C. § 46110 are therefore not applicable. Defendant's alternative argument regarding the statute of limitations was first raised in the reply brief,

to which plaintiff has not had an opportunity to respond, and has not been considered by the Court.

## III. State Law Liability

The Federal Tort Claims Act makes the United States liable for its conduct "in the same manner and to the same extent as a private individual under like circumstances" under the local state law, subject to certain exceptions. 28 U.S.C. § 2674. In order to determine an individual's liability in the circumstances presented here, the Court would first have to conduct a choice of law analysis to determine which state's law would apply. The parties do not agree whether the law of Georgia or Washington applies, and defendant has not provided enough information to enable the Court to make such a determination. Therefore, defendant has not satisfied its burden on this point.

## IV. Applicability of the Exceptions of 28 U.S.C. § 2680(h)

Pursuant to 28 U.S.C. § 2680(h), the United States retains its immunity to claims arising out of misrepresentations and/or interference with contract rights. Defendant asserts that plaintiff's negligence claim is really a claim for misrepresentation (based on the FAA's statement that the "equivalent strength or better" analysis would be appropriate) or for contractual interference (based on plaintiff's claim for damages arising out of its contracts with third parties).

As noted in *United States v. Fowler*, 913 F.2d 1382, 1387 (9th Cir.1990), the line between misrepresentation and negligence claims is hard to discern: "The concept is slippery; any misrepresentation involves

---

5. Although the Complaint asserts a claim for negligence arising out of the FAA's failure to recognize and remedy its errors sooner (Complaint at ¶ 47), plaintiff's brief does not address that portion of its claim. To the extent plaintiff continues to assert that the FAA should have realized the inadequacies of the comparative analysis earlier, such claims challenge FAA's discretionary judgment re-

garding the need for and frequency of review and reevaluations of past decisions and are not cognizable in the Ninth Circuit. *See Natural Gas Pipeline Co. of Am. v. United States*, 742 F.2d 502, 504–05 (9th Cir.1984) ("Appellants' challenge to the FAA's execution of its responsibility by failing to discover the defects sooner ... is barred by the discretionary function exception.").

some underlying negligence and any negligence action can be characterized as one for misrepresentation because anytime a person does something he explicitly or implicitly represents that he will do the thing non-negligently."

■ In the circumstances presented here, the Court finds that plaintiff has alleged a cause of action under theories of negligence, even though the FAA's alleged communication of false information and plaintiff's contractual relationship with third parties contributed to the damages plaintiff seeks to recover. Because plaintiff's claim is based on the allegation that defendant was negligent in performing its regulatory tasks, the § 2680(h) exceptions are not applicable.

## V. Conclusion

Under the discretionary function exception to the FTCA, defendant is immune from liability for the negligent acts alleged by plaintiff in its original complaint. Defendant's motion to dismiss the original complaint is therefore GRANTED. Plaintiff's motion for leave to amend the complaint is considered in a separate order of even date.